```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
VICTORY RECORDS, INC., and ANOTHER        :
VICTORY, INC.,                            :
                                          :  Case No.: 08-CV-00314 (PKC)
                                          :
             Plaintiffs,                  :
                                          :
    - against -                           :
                                          :  ANSWER
                                          :
VIRGIN RECORDS AMERICA, INC.,             :
a division of EMI MUSIC NORTH AMERICA,    :
                                          :
             Defendant.                   :
------------------------------------------------------------------X
```

Defendant Virgin Records America, Inc. ("Virgin"), by and through its attorneys, Jenner & Block LLP, as and for its answer to the complaint dated January 14, 2008 (the "Complaint") of plaintiffs Victory Records, Inc. ("Victory") and Another Victory, Inc. (collectively, "Plaintiffs"), responds as follows:

## GENERAL RESPONSE

This action is a blatant exercise in forum-shopping and scapegoating by the Plaintiffs. There is no merit to any of the claims asserted by Victory. The simple truth is that prior to having any contact with Virgin, Hawthorne Heights was unhappy with its relationship with Victory and, in particular, with what it perceived as the bullying, physical threats and business tactics of Anthony Brummel, the president of Victory. The public spat between Hawthorne Heights and Victory predated Hawthorne Heights' first contact to Virgin.

While the agreement between Victory and Hawthorne Heights (the "Victory Agreement") was far more limited than most recording agreements and, in fact, was not exclusive – a fact confirmed by the federal court in Illinois, Virgin was unwilling to enter into any contractual relationship with Hawthorne Heights whereby the parties would work together (or even agree to

15883

negotiate such an agreement), unless Virgin in its sole and unfettered discretion determined that such a relationship would not interfere with the rights of others – including Victory. That event never occurred and no such agreement was ever negotiated or executed.

Nonetheless, shortly after Hawthorne Heights filed a suit against Plaintiffs in the Northern District of Illinois (the "Hawthorne Heights Action"), Victory filed a suit against Virgin in the Northern District of Illinois (the "Illinois Victory Action") making the same substantive allegations it makes in this action. After a series of adverse rulings from the Court in the Hawthorne Heights Action – including a determination that the Victory Agreement was non-exclusive and that Hawthorne Heights was entitled to injunctive relief preventing Victory from interfering with its rights – Victory decided that it was pointless to pursue the Illinois Victory Action further in Illinois and instead hatched a scheme to forum-shop in search of a better result. It decided to dismiss the Illinois Victory Action but to re-file it subsequently in New York before a different judge who it hoped would be more "sympathetic" to its case. Victory decided to engage in this scheme despite the fact that Victory had previously filed a motion in the Illinois court seeking to consolidate the Hawthorne Heights Action and Illinois Victory Action before the same judge as related proceedings.

True to its scheme, six months after the dismissal of the Illinois Victory Action against Virgin, Victory filed the same substantive claims against Virgin in New York, despite the fact that no further operative facts took place after the dismissal of the Illinois Victory Action. This action is as baseless today as it was when Victory dismissed it in Illinois. Further, Victory's forum-shopping is an abuse of the federal court system and should not be tolerated. Virgin intends to promptly file a motion transferring the case back to Illinois before the judge who is

familiar with these issues and who previously determined that this action should proceed before him.

## RESPONSE TO SPECIFIC ALLEGATIONS

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3. Admits the allegations contained in paragraph 3 of the Complaint.

4. Denies the allegations contained in paragraph 4 of the Complaint.

5. Admits the allegations contained in paragraph 5 of the Complaint.

6. Admits the allegations contained in paragraph 6 of the Complaint.

7. Denies the allegations contained in paragraph 7 of the Complaint.

8. Denies the allegations contained in paragraph 8 of the Complaint to the extent they relate or pertain to Virgin.

9. Denies the allegations contained in paragraph 9 of the Complaint to the extent they relate or pertain to Virgin.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, except respectfully refers the Court to the Victory Agreement for a full and complete recitation of the terms and conditions contained therein.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

15883

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, except respectfully refers the Court to the Victory Agreement for a full and complete recitation of the terms and conditions contained therein.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19. Denies the allegations contained in paragraph 19 of the Complaint.

20. Denies the allegations contained in paragraph 20 of the Complaint.

21. Denies the allegations contained in paragraph 21 of the Complaint.

22. In response to the allegations contained in paragraph 22 of the Complaint, Virgin states that paragraph 22 is a definitional paragraph and requires no response, except respectfully refers the Court to the Victory Agreement for a full and complete recitation of the terms and conditions contained therein.

15883

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint, except respectfully refers the Court to the Victory Agreement for a full and complete recitation of the terms and conditions contained therein.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint, except denies that Virgin interfered in any way with the Victory Agreement.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

28. In response to the allegations contained in paragraph 28 of the Complaint, Virgin admits that David Wolter met with Daniel Friedman sometime during the first quarter of 2006.

29. Denies the allegations contained in paragraph 29 of the Complaint.

30. Denies the allegations contained in paragraph 30 of the Complaint.

31. Denies the allegations contained in paragraph 31 of the Complaint.

32. Denies the allegations contained in paragraph 32 of the Complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint.

34. Denies the allegations contained in paragraph 34 of the Complaint.

15883

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint.

36. Denies the allegations contained in paragraph 36 of the Complaint.

37. Denies the allegations contained in paragraph 37 of the Complaint.

38. Denies the allegations contained in paragraph 38 of the Complaint, except admits that Friedman provided Virgin with a copy of the Victory Agreement.

39. Denies the allegations contained in paragraph 39 of the Complaint.

40. Denies the allegations contained in paragraph 40 of the Complaint.

41. Denies the allegations contained in paragraph 41 of the Complaint.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint, except admits that Rhonda Trotter is a member of the law firm Kaye Scholer LLP.

43. Denies the allegations contained in paragraph 43 of the Complaint, except admits that Kempler had discussions with Trotter prior to the filing of the Complaint in this action.

44. Denies the allegations contained in paragraph 44 of the Complaint as they relate or pertain to Virgin, except admits that Virgin entered into an option agreement with Hawthorne Heights and respectfully refers the Court to the Virgin Option Agreement for a full and complete recitation of the terms and conditions contained therein.

45. Denies the allegations contained in paragraph 45 of the Complaint, except admits that it paid Hawthorne Heights for the rights granted under the Virgin Option Agreement.

46. Denies the allegations contained in paragraph 46 of the Complaint.

15883

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint, except denies the allegations to the extent they relate or pertain to Virgin.

48. Denies the allegations contained in paragraph 48 of the Complaint.

49. Denies the allegations contained in paragraph 49 of the Complaint, except admits that Trotter sent a termination letter to Victory on behalf of Hawthorne Heights and that Hawthorne Heights commenced a lawsuit against Victory and others in the federal district court for the Northern District of Illinois entitled *Eron Buccarielli-Tieger, et al. v. Victory Records, Inc., et al.*, No. 06-C-4258.

50. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint, except denies the allegations to the extent they relate or pertain to Virgin.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint, and respectfully refers the Court to the October 17, 2006 Order of the Illinois District Court for a full and complete recitation of its findings.

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint, and respectfully refers the Court to the May 16, 2007 Order of the Illinois District Court for a full and complete recitation of its findings.

53. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint.

15883

54. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint.

55. Denies the allegations contained in paragraph 55 of the Complaint.

56. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint.

57. In response to the allegations contained in paragraph 57 of the Complaint, Virgin repeats and realleges its responses to paragraphs 1 through 56 of the Complaint as if fully set forth herein.

58. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Complaint.

59. Denies the allegations contained in paragraph 59 of the Complaint, except admits that Virgin knew that there was a contractual relationship between Plaintiff and Hawthorne Heights prior to the filing of the Complaint in this action and respectfully refers the Court to the Victory Agreement for a full and complete recitation of the terms and conditions contained therein.

60. Denies the allegations contained in paragraph 60 of the Complaint.

61. Denies the allegations contained in paragraph 61 of the Complaint to the extent they relate or pertain to Virgin.

62. Denies the allegations contained in paragraph 62 of the Complaint.

63. Denies the allegations contained in paragraph 63 of the Complaint.

15883

64.     In response to the allegations contained in paragraph 64 of the Complaint, Virgin repeats and realleges its responses to paragraphs 1 through 63 of the Complaint as if fully set forth herein.

65.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint, except respectfully refers the Court to the Victory Agreement for a full and complete recitation of the terms and conditions contained therein.

66.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint.

67.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Complaint.

68.     Denies the allegations contained in paragraph 68 of the Complaint.

69.     Denies the allegations contained in paragraph 69 of the Complaint.

70.     Denies the allegations contained in paragraph 70 of the Complaint.

71.     Denies the allegations contained in paragraph 71 of the Complaint.

72.     Denies the allegations contained in paragraph 72 of the Complaint.

73.     Denies the allegations contained in paragraph 73 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Virgin upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

This forum is an improper venue or forum non conveniens for the adjudication of Plaintiffs' claims.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Any harm alleged to have been suffered by Plaintiffs is the result of acts or omissions on the part of persons over whom Virgin has no control.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Any harm alleged to have been suffered by Plaintiffs is the result of their own acts or omissions.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and prayer for relief are barred by the doctrine of estoppel.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claim and prayer for relief are barred by the doctrine of waiver.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim and prayer for relief are barred by the doctrine of unclean hands.

WHEREFORE, Virgin respectfully requests that the Court:

A.   Dismiss Plaintiffs' Complaint in its entirety with prejudice and award judgment to Virgin;

B.   Award Virgin its reasonable costs and attorneys' fees incurred in having to defend this action; and

C.   Award Virgin such other and further relief as the Court deems just and proper.

15883

Dated: New York, New York
      March 10, 2008

JENNER & BLOCK LLP

By: *[signature]* Andrew H. Bart
    Andrew H. Bart
    Carletta F. Higginson
919 Third Avenue, 37th Floor
New York, New York 10022
(212) 891-1600

*Attorneys for Defendant Virgin Records America,, Inc.*

11

15883

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
VICTORY RECORDS, INC., and ANOTHER          :
VICTORY, INC.,                              :
                                            :   Case No.: 08-CV-00314 (PKC)
                                            :
            Plaintiffs,                     :
                                            :   **CERTIFICATE OF SERVICE**
    - against -                             :
                                            :
VIRGIN RECORDS AMERICA, INC.,               :
a division of EMI MUSIC NORTH AMERICA,      :
                                            :
            Defendant.                      :
------------------------------------------------------------------X

I, Carletta F. Higginson, do hereby certify that on this 10th day of March 2008 I caused the within **Answer** to be filed via the Southern District of New York's Electronic Case Filing system and caused same to be served via U.S. First Class mail delivery upon *Robert S. Meloni, Esq., Meloni and McCaffrey, P.C.*, 1350 Avenue of the Americas, Suite 3100, New York, New York 10019 by having a true and correct copy of same wrapped in a postage-paid envelope and deposited into the care and custody of the United States Postal Service.

_____
Carletta F. Higginson

15986