# MEMO ENDORSED

**JENNER&BLOCK**

*Handwritten annotations:*
*Premotion conference waived. IPTC for April 18 vacated.*
*File motion by April 18*
*Response by May 2*
*Reply by May 12.*
*So Ordered.*
*[signature] 3-18-*

*USDS SDNY*
*DOCUMENT*
*ELECTRONICALLY FILED*
*DOC #: _____*
*DATE FILED: 3/19/08*

Jenner & Block LLP   Chicago
919 Third Avenue     Dallas
37th Floor           New York
New York, NY 10022   Washington, DC
Tel 212-891-1600
www.jenner.com

Andrew H. Bart
Tel 212-891-1645
Fax 212-891-1699
abart@jenner.com

*RECEIVED MAR 18 2008 CHAMBERS OF P. KEVIN CASTEL U.S.D.J.*

March 18, 2008

**VIA HAND DELIVERY**

Honorable P. Kevin Castel
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Suite 2260
New York, New York 10007-1312

   Re:   *Victory Records, Inc. et al. v. Virgin Records America, Inc.*
         **Case No.: 08 CV 000314 (PKC)**

Dear Judge Castel:

   We represent defendant Virgin Records America, Inc. ("Virgin") in the above-referenced action (the "New York Victory Action"). We write to request a pre-motion conference pursuant to Section 2(A)(1) of Your Honor's individual practices. At the pre-motion conference, Virgin will seek permission to move to transfer the New York Victory Action to the Northern District of Illinois, where a related action is pending, pursuant to 28 U.S.C. § 1404(a), or, in the alternative, to stay the New York Victory Action pending resolution of the related case in the Northern District of Illinois. We also write to request an adjournment of the initial pretrial conference which is currently scheduled for April 18, 2008 at 10:15 a.m.

   On or about January 14, 2008, Victory Records, Inc. ("Victory") and Another Victory, Inc. (collectively, "Plaintiffs") commenced the instant action in this Court alleging tortious interference with contractual relations against Virgin. This is the second suit filed by Victory against Virgin containing the same substantive claims. Plaintiffs' claims arise out of a recording agreement which was entered into on or about December 11, 2003 between Plaintiffs and the recording group, Hawthorne Heights, (the "Victory Agreement"). In the summer of 2006, Hawthorne Heights initiated an action in the Northern District of Illinois against Plaintiffs alleging claims for copyright infringement, trademark infringement, unfair competition, invasion of privacy, fraud, interference with business relations, rescission and declaratory judgment (the "Hawthorne Heights Action"). Plaintiffs answered Hawthorne Heights' claims and asserted a number of counterclaims. The claims and counterclaims in the Hawthorne Heights Action relate to the parties' performance under the Victory Agreement. The Hawthorne Heights Action will determine whether either or both of the parties are in breach of the Victory Agreement.

   Shortly thereafter, Victory initiated a separate action in the same court against Virgin for tortious interference with contractual relations (*i.e.*, that Virgin allegedly interfered with the Victory Agreement) (the "Illinois Victory Action"). In order to increase its chances of finding a judge receptive to its legal position, Victory did not designate the second action as a related action despite the fact that both actions required a determination of whether Victory or Hawthorne Heights breached the Victory Agreement. Accordingly, the Illinois Victory Action

15909

Honorable P. Kevin Castel
March 18, 2008
Page 2

was assigned to a different judge than the judge handling the Hawthorne Heights Action. Several months later, after an initial ruling in their favor in the Hawthorne Heights Action, Plaintiffs decided that they had found the judge they wanted and moved to consolidate the two actions that were pending in Illinois on the grounds that the actions were sufficiently related. It is significant to note that all the information cited by Plaintiffs in support of their motion to consolidate the two actions was known to them before they commenced the separate Illinois Victory Action. Nonetheless, Plaintiffs waited until after they received a favorable decision in the Hawthorne Heights Action before informing the Court of the pending Illinois Victory Action and seeking consolidation. Despite the manifest forum shopping reflected in the timing of Victory's request, the Court in the Hawthorne Heights Action found that the two cases were sufficiently related and that the Victory Action should be reassigned to proceed before the same judge.

Thereafter, the Court in the Hawthorne Heights Action issued several decisions on the merits which were sharply adverse to Plaintiffs. Most significantly, the Court in the Hawthorne Heights Action found that the Victory Agreement was non-exclusive and that Hawthorne Heights was free to record for other parties during the term of its contract with Plaintiffs. Recognizing the negative impact of such an opinion on their tortious interference claim, Plaintiffs again engaged in manifest forum shopping. Victory decided to enter into a stipulation with Virgin to discontinue the Illinois Victory Action and to subsequently re-file the same substantive claims. Since Plaintiffs knew that if they re-filed the action in their home district, it would be assigned to Judge Moran, they decided to re-file it in this Court. True to its scheme, six months after Victory dismissed the Illinois Victory Action, Plaintiffs filed the instant action in this Court asserting the same claim for tortious interference with contractual relations, in addition to a claim for tortious interference with business relations, arising out of the same set of facts.

Plaintiffs' gamesmanship in re-filing this Action in this Court to avoid further proceedings before Judge Moran in Plaintiffs' home district is unseemly and should not be condoned by this Court. This Court should transfer this Action back to Judge Moran in the interests of justice and judicial efficiency. There is no question that this action could (and should) have been brought in the Northern District of Illinois - the Court to which transfer is requested. Indeed, it originally was brought there. Further, the transfer would serve the interests of justice and the convenience of the parties and witnesses.

There is no question that trial efficiency and the interests of justice weigh squarely in favor of transferring the instant New York Victory Action to the Northern District of Illinois, where the Illinois Hawthorne Action is pending. As previously argued by Victory and recognized by the Court in the Hawthorne Heights Action, the same critical factual and legal issues are presented in both actions. Specifically, both cases require a determination of whether Hawthorne Heights breached the Victory Agreement. Thus, transfer of this action eliminates the possibility of inconsistent findings. Moreover, given the significant overlap of legal and factual issues, transfer of this action to the judge already familiar with this case will conserve judicial time and effort.

15909

Honorable P. Kevin Castel
March 18, 2008
Page 3

In addition, New York choice of law rules require the application of Illinois law to Plaintiffs' claims. Because the Northern District of Illinois is presumably more familiar with Illinois law than a court sitting in New York, this factor also weighs in favor of a transfer.

Further, the Northern District of Illinois is a more convenient location for many of the witnesses. Plaintiffs are both Illinois corporations with their principal places of business in Illinois. The members of Hawthorne Heights, who will be key witnesses in both actions, are citizens and residents of Ohio. The issue as to whether Hawthorne Heights breached the Victory Agreement has no connection to this district. Indeed, the only party that could possibly claim some inconvenience from the transfer of this case to Illinois is Virgin - the party specifically requesting this relief in the interests of justice.

Finally, Plaintiffs' choice of forum is entitled to significantly less weight since they have not chosen the forum in which they reside.

Accordingly, in the interests of justice, and for the convenience of the parties and witnesses, this Court should transfer the instant Action back to the Northern District of Illinois where it may proceed together with the Hawthorne Heights Action as originally ordered by the Court in that action.

In the alternative, Plaintiffs seek to move to stay the New York Victory Action. Allowing the instant action to proceed while the Hawthorne Heights Action is still pending exposes the parties to duplicitous litigation and substantially maximizes the substantial risk of inconsistent rulings on a key issue of both litigations, namely, whether there has been a breach of the Victory Agreement. Accordingly, should this Court deny the proposed motion to transfer the New York Victory Action, this Court should stay the instant action pending resolution of the Hawthorne Heights Action.

Accordingly, we respectfully request that this Court schedule a pre-motion conference for the earliest convenient date to discuss Virgin's proposed motion to transfer or, in the alternative, stay the instant action.

Lastly, we request an adjournment of the April 18 initial pretrial conference. Plaintiffs' failed to provide us with notice of the April 18 initial pretrial conference, despite the clear directive contained in Your Honor's January 22, 2008 Order. I have a scheduling conflict that day and respectfully request that Court reschedule the initial pretrial conference to another date that is convenient for the Court.

                                        Respectfully submitted,

                                        Andrew H. Bart

AHB:cfh
cc: Robert S. Meloni, Esq. *(via facsimile)*
    Thomas P. McCaffrey, Esq. *(via facsimile)*

15909