# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| VICTORY RECORDS, INC., an Illinois Corporation and ANOTHER VICTORY, INC., an Illinois corporation, | ) ) ) ) | 08 Civ. 00314 (PKC) |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| VIRGIN RECORDS AMERICA, INC., a California corporation, a division of EMI MUSIC NORTH AMERICA, | ) ) ) ) | |
| Defendant. | ) ) ) | |

## <u>DECLARATION OF ROBERT MELONI</u>

ROBERT MELONI declares under penalty of perjury as follows:

1.   I am a member of Meloni & McCaffrey, P.C., counsel for plaintiffs Victory Records, Inc. and Another Victory, Inc. (collectively "Plaintiffs" or "Victory").   I submit this declaration in opposition to the Motion By Defendant Virgin Records America, Inc. to Transfer or, In The Alternative, Stay This Action, dated April 17, 2008 ("Defendant's Motion").[1]  I am fully familiar with the facts and circumstances set forth herein.

2.   Victory filed this action in this Court on January 14, 2008 asserting separate claims against Defendant for tortious interference with contract and tortious interference with business relations.  A copy of the Complaint dated January 14, 2008 is annexed hereto as Exhibit A.

---

[1]  This Declaration shall also make references to the Declaration of Andrew H. Bart ("Bart Decl."),in support of Defendant's Memorandum of Law In Support Of The Motion By Defendant Virgin Records America, Inc. To Transfer Or, In The Alternative, Stay This Action dated April 17, 2008.

3.   Victory's basis for filing in the Southern District of New York was that Defendant's offices and documents are here, Defendant's relevant witnesses are based in New York and a substantial part of the tortious conduct occurred in this district.  *Id.* ¶¶4, 6 and 7.

4.   For example, virtually all of the live meetings that led to the procurement of the breach occurred in New York.  *Id.* ¶¶ 28, 35-47.

5.   Defendant's officers and/or senior employees, including, without limitation, Jeffrey Kempler, David Wolter, David Munns, Ivan Gavin, and/or Jason Flom, either attended those meetings, or formulated, approved, initiated and/or implemented the resulting tortious strategy in New York, including the wrongful termination of the Victory Agreement, Virgin's funding of the litigation commenced on the heels of that wrongful termination, and maliciously prevented Victory's continuance of a profitable business relationship with the band Hawthorne Heights., all work and or reside in the New York metropolitan area.  *Id.*

6.   Even if the action were transferred to the Northern District of Illinois, Victory would be forced to depose those witnesses here in New York.  All of the Defendant's documentary evidence is located in New York.  Finally, Defendant's litigation counsel and my firm are based in New York.

7.   The convenience of the non-party witnesses, the most important factor in deciding a motion to transfer, does not support Defendant's Motion.  Four of the key non-party witnesses – *i.e.,* the surviving members of the band Hawthorne Heights -- are residents of the state of Ohio. The remaining key non-party witnesses – *i.e.,* the band's one time business attorney, Daniel Friedman, their former personal managers, Rick Smith and John Germinario, and their former litigation counsel Rhonda Trotter -- are residents of the states of Missouri, Michigan, New York

and California, respectively. Another non-party witness, Victory's long-standing business lawyer Nick Ferrara, is also located in New York City.

8.     Even if the action were transferred to the Northern District of Illinois, these witnesses could not be compelled to appear before the Court there, whereupon at least two of those witnesses, John Germinario and Nick Ferrara, could be compelled to appear before this Court. Thus, any depositions of a majority of the non-party witnesses must be by subpoena issued by the district courts in which they reside and thus must take place in Ohio, Missouri, Michigan and New York, even if the action were transferred to Illinois.

9.     In the summer of 2006, Hawthorne Heights, a band that has been party to a recording artist and publishing agreement with Victory since 2003, brought an action against Victory in the Northern District of Illinois, seeking, among other things, a declaratory judgment that the band was no longer bound under that agreement (the "Victory Agreement").  *See* Bart Decl.,¶4, and Ex. B.

10. Having been dragged before the court in the Northern District of Illinois, it is true that in the fall of 2006 Victory filed a separate action against Defendant in that forum, as it did not want to be litigating in two separate forums.  Victory alleged that Virgin had tortiously interfered with the Victory Agreement. *Id*. ¶6 and Ex. D.

11. In July 2007, Victory voluntarily discontinued that action without prejudice, in part, because Defendant made repeated representations that they had not done anything to interfere with the Victory Agreement between Victory and the band Hawthorne Heights.  See Bart Decl. ¶13 and Exhibit K.

12. Apart from Victory serving its formal responses to Virgin's document demand, no discovery had yet taken place in either of the actions at the time of the discontinuance of the Virgin Action. Victory took Virgin at its word.

13. After the dismissal of the Virgin Action, discovery in the Hawthorne Heights Action proceeded with the exchange of documents by the parties. Two key non-parties, Jeffrey Kempler, an Executive Vice President of Virgin, and Rick Smith, a one-time manager of Hawthorne Heights, also produced documents and were deposed in the Hawthorne Heights Action in New York.

14. However, none of the band members of Hawthorne Heights were deposed, and Dan Friedman, a key witness to the events that instigated and led up to the termination of the Victory Agreement, was also not deposed as a result the band's interminable touring schedule.

15. The documentation obtained from Mr. Kempler and others after the dismissal of the Virgin Action did not merely contradict Virgin's representations that it had not done anything to interfere with the Victory Agreement. It established that Virgin had been an instigator and integral part of the plan to liberate Hawthorne Heights from their contractual obligations under the Victory Agreement. The documents establish that beginning with meetings in New York City in March 2006 between the band's lawyer, Daniel Friedman, Mr. Kempler and David Wolter, a senior director of Virgin's Artist & Repertoire Department, a plan was hatched whereby Hawthorne Heights would, under the direction, guidance and financial assistance of Virgin, retain the powerful national law firm Kaye Scholer, privately and publicly repudiate their contract with Victory, and then file a high visibility lawsuit in an attempt to force Victory into a quick capitulation. *See* Exhibit A, ¶¶28-49. A copy of those documents, as well as the documents produced by the band and Daniel Friedman are present in our offices in New York.

16. Finally the documents establish Mr. Kempler's role as the primary architect of the plan and how Virgin creatively funded the start up costs of the litigation. The documents also establish that other officers of Virgin were aware and/or involved with this scheme. *Id.*

17. It was only after obtaining this irrefutable proof, months after the voluntary dismissal without prejudice of the Illinois Virgin Action, that Victory filed the present action against Virgin Records America, Inc. in the Southern District of New York.

18. Defendant's argument that this action should be transferred to the Northern District of Illinois because that is where the Hawthorne Heights Action is "pending" fails to disclose the determinant fact that on February 29, 2008, all of the surviving members of the band Hawthorne Heights[2] filed for protection under Chapter 7 of the Bankruptcy Act in the U.S. Bankruptcy Court for the Southern District of Ohio.[3] A copy of the Bankruptcy filings are annexed hereto as Exhibit B. These filings automatically stayed the Hawthorne Heights Action. *See* 11 U.S.C. 362.

19. I have been advised by the band's new counsel that it is the band's plan to, *inter alia*, reject the Victory Agreement as part of the bankruptcy proceedings, *see* 11 U.S.C. 365, leaving Victory to stand in line with the other unsecured creditors. Thus, there will be no determination by Judge Moran in the Northern District of Illinois as to whether Hawthorne Heights breached the Victory Agreement. No adversary proceeding has been filed in the U.S. Bankruptcy Court concerning the Victory Agreement.

20. In fact, the parties to the Hawthorne Heights Action have agreed to settle the action, and are awaiting approval of the proposed settlement by the bankruptcy trustees and the bankruptcy court, at which point the Hawthorne Heights Action will be dismissed. However,

---

[2] One member, Casey Calvert, died from a drug overdose in November 2007.
[3] Case Nos. 3-08-bk-30909 (Micah Carli), 3-08-bk-30911 (Eron Bucciarelli-Tieger), 3-08-bk-30912 (JT Woodruff) and  3-08-bk-30914 (Matt Ridenour).

until said approval is granted the Hawthorne Heights Action remains stayed under 11 U.S.C. 362. Thus, there is no real possibility of inconsistent rulings to trouble this Court.

21. I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 2, 2007

_____
ROBERT S. MELONI

# EXHIBIT A

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern _____ District of _____ New York

VICTORY RECORDS, INC., and ANOTHER
VICTORY, INC.

**SUMMONS IN A CIVIL ACTION**

V.
VIRGIN RECORDS AMERICA, INC.,
a division of EMI MUSIC NORTH AMERICA

CASE NUMBER:

**08 CV 00314**

TO: (Name and address of Defendant)

Virgin Records America, Inc., a division of EMI Music North America
c/o The Prentice-Hall Corporation System, Inc., Registered Agent
P.O. Box 526036
Sacramento, CA 95802

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Robert S. Meloni, Esq.,
Thomas P. McCaffrey, Esq.
MELONI & MCCAFFREY, P.C.
1350 Avenue of the Americas - Suite 3100
New York, New York 10019

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

## J. MICHAEL McMAHON

1/14/2008

CLERK                                              DATE

(By) DEPUTY CLERK

**MELONI & McCAFFREY, P.C.**
ROBERT S. MELONI (RM-8087)
THOMAS P. MCCAFFREY (TPM-4057)
1350 Avenue of the Americas, Suite 3100
New York, New York 10019
Telephone: 212-957-5577
Facsimile: 800-659-3985

**08 CV 00314**

*Attorneys for Plaintiffs Victory Records, Inc.
and Another Victory, Inc.*

JAN 1 4 2008

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| VICTORY RECORDS, INC., and ANOTHER VICTORY, INC., | ) ) ) **COMPLAINT** |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| VIRGIN RECORDS AMERICA, INC., a division of EMI MUSIC NORTH AMERICA, | ) ) ) |
| Defendant. | ) ) ) |

Plaintiffs, Victory Records, Inc. and Another Victory, Inc. (collectively "Victory"), by and through their undersigned attorneys, as and for their Complaint, alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1.    Victory Records, Inc. ("Victory") is an Illinois corporation. Its principal place of business is at 346 N. Justine Street, Chicago, Illinois 60607.

2.    Another Victory Inc. ("AVI") is an Illinois corporation. Its principal place of business is at 346 N. Justine Street, Chicago, Illinois 60607.

3.    Virgin Records America, Inc. ("Virgin Records/EMI") is a California corporation. Its principal place of business is at 150 Fifth Avenue, New York, New York 10011.

4.    Upon information and belief Defendant Virgin Records/EMI is a wholly owned subsidiary of EMI Music North America ("EMI"), an entity of unknown legal status with its principal place of business located at 150 Fifth Avenue, New York, New York 10011. EMI is affiliated with EMI Group PLC, a corporation registered in the United Kingdom.

5.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. The citizenship of Victory is fully diverse from that of Defendant, and the amount in controversy exceeds $75,000, exclusive of interest.

6.    This Court has personal jurisdiction over Virgin Records/EMI because it conducts business continuously and systematically in New York for the purpose of engaging in, *inter alia*, marketing and promotional activities pertaining to the sale of sound recordings.

7.    Venue is proper in this District because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## SUMMARY OF CASE

8.    This case involves an all-too familiar story in the music industry:    an unknown musical band from small-town, Middle-America, flies below the music industry radar until it gets its long-shot at success by signing a contract with an independent record company.    That company then devotes huge amounts of resources, money,

2

experience, passion, time and effort to promoting and marketing the band, and, as a result, the band beats the industry's odds and achieves commercial and critical success.

9.    Suddenly superstars with a proven track record and established following, the band is noticed by the "major" record companies, who, relieved of the economic risks and burdens of breaking the band, swoop in to capitalize on the band's hard-won success with the intent to release the band's next album and reap the resulting profits.  The majors, fully aware of the band's existing contractual obligations, nonetheless ardently pursue the band with ready promises of greater fame, fortune and money than life with the independent record company could possibly offer.  The frailties of human nature take hold and the band moves on to purportedly greener pastures, resulting in a win for the major, but a huge economic loss for the independent label.  This case is a text-book example of that scenario.

10.    During the summer of 2003, the musical group in question, the individuals comprising the musical group Hawthorne Heights ("Hawthorne Heights" or the "Band")[1], were members of a recently reconfigured and renamed, unknown local band playing sporadically in small clubs in the Ohio area.  Nonetheless, the Band's relentless campaign to pique the interest of Victory's owner, Tony Brummel, through emails, press kits and demos, finally paid off when it was signed to a multi-album recording, publishing, and merchandising agreement with Victory dated December 10, 2003, as amended on April 28, 2004 ("Victory Agreement").  A copy of the Victory Agreement, as amended, is attached hereto as Exhibit A.

---

[1] The individual members are Eron Bucciarelli-Tieger Micah Carli, Matt Ridenour, JT Woodruff, and the recently deceased Casey Calvert.

3

11. The Victory Agreement was negotiated by the Band's then-attorney, Daniel Friedman ("Friedman"). Since 2003, Friedman had been the Band's attorney and sometime *de facto* manager, until his termination by the Band in late 2007.

12. The Victory Agreement, among other things, contained the Band's explicit and binding commitment for an initial studio album and options for three consecutive studio albums, and gave Victory ownership of sound recording copyrights through a recording deal, and ownership of musical compositions copyrights through a publishing and administration deal. It also granted Victory trademark and merchandising rights in the name HAWTHORNE HEIGHTS.

13. The Band exclusively recorded and willingly delivered two consecutive albums to Victory pursuant to the Victory Agreement. It also willingly transferred its ownership in the sound recordings and musical compositions appearing on those albums to Victory and AVI, respectively.

14. Victory funded, manufactured, and aggressively distributed, promoted and marketed the Band's albums and established trademark rights in the name HAWTHORNE HEIGHTS at the cost of millions of dollars. AVI also funded and actively exploited and administered the musical compositions. The Band, in turn, benefited from Victory's investment of resources, money and sweat equity by making millions of dollars and becoming a rare music industry success story.

15. The process of successfully establishing or "breaking" an unknown band by an independent record company is a labor-intensive, high-risk scenario that requires large, upfront investment in the first album. This investment typically is recouped -- if at all -- through the continued production, distribution and sales of high quality, in-demand

4

music on subsequent albums. As a result, an artist's recording contract typically has a commitment to provide multiple albums over a period of years.

16.    The four-album commitment in the Victory Agreement, although relatively short by music industry standards, is essential to the economic viability of an independent record company, which needs the financial return from sales of subsequent records to fund the continued marketing support of the signed band and to justify its initial investment.

17.    Thus, upon the release of a successful debut album, a record company normally expects to see a return on its investment from the follow-up albums, building on the momentum and foundation of the initial record release.

18.    Moreover, the assignment of rights to sound recordings and the musical compositions delivered with each new album provides additional long-term assets and income streams that, among other things, allow the independent record company to stay in business.

19.    In this case, as a direct result of the intentional intervention, meetings, promises made, strategies developed, instructions given and financial and litigation support supplied by Virgin Records/EMI over a period of months beginning in early 2006, the Band: (1) expressly repudiated the Victory Agreement on August 3, 2006 by letter to Victory written by their litigator, Rhonda Trotter, claiming that the Victory Agreement was immediately terminated on the purported grounds that it was terminable "at will"; (2) filed an action on August 7, 2006 in Illinois federal court seeking, *inter alia*, a declaration of the Victory Agreement's immediate termination, despite the inconsistency between the need for that judicial declaration and the Band's position that

5

the termination could be effectuated unilaterally by their written notice alone; and (3) engaged in a coordinated public relations smear campaign, including public postings on the Internet, beginning that same day.

20.   As a direct result of Virgin Records/EMI's intentional interference, the Band, beginning in or about 2006, commenced the process of recording an entire album of original musical compositions which, despite the continuing term of the Victory Agreement, the Band has publicly announced will not be released through Victory.

21.   Defendant has tortiously interfered with the Victory Agreement and with Victory's prospective business relationship with the Band and Victory has suffered and continues to suffer extensive damages as a result. The damage to Victory had been done by August 2006, even though by 2007 Virgin Records/EMI declined to fund the recording of Hawthorne Heights' new studio album, for reasons wholly unrelated to any respect for Victory's rights. Despite the decision by Virgin Records/EMI not to move forward with the Band, it must nevertheless be held accountable for its unlawful conduct.

## STATEMENT OF FACTS

### The Victory Agreement

22.   The Victory Agreement refers to the written recording, publishing, and merchandising agreement between Victory and the Band dated December 10, 2003, as amended on April 28, 2004.

23.   By its express and unambiguous terms, the Victory Agreement imposes on the Band a Recording Commitment requiring the Band to deliver four consecutive studio Albums to Victory during its Term. That Term is measured initially by the first 18-month

6

period from the date of the Agreement, and thereafter by "separate, consecutive and irrevocable" option periods each commencing 12 months from the date of delivery of the previous Album constituting the Band's Recording Commitment for that Option Period. In other words, the Band is committed under the Victory Agreement until the date that is 12 months from the delivery date of its fourth Album.

24.     Victory has fully performed its obligations to the Band under the Victory Agreement.

25.     However, since the execution of the Victory Agreement, the Band has delivered only two studio albums: *"The Silence In Black And White"* and *"If Only You Were Lonely."* Under Victory's watch, *The Silence In Black And White* had sold over 1,000,000 units. But for Virgin Records/EMI's intentional interference, Victory had reasonable expectations that *If Only You Were Lonely,* which was released on February 28, 2006, would be as successful as the first album. Once the Band repudiated the Victory Agreement, they refused to participate with Victory in the marketing of the second album, which has only sold half the number of units as its predecessor, despite the tremendous marketing, promotional and financial investment by Victory.

26.     Victory has exercised its option for the Third Album and fully intends to exercise the option for the Fourth Album.

27.     The Victory Agreement remains in full force and effect.


### Virgin Records/EMI Tortiously Interferes with the Victory Agreement

28.     Upon information and belief, in February 2006, at about the time the Band released its second album under the Victory Agreement, Daniel Friedman, the Band's

7

then-business attorney and advisor, met in New York City with David Wolter, the senior director of the Artists and Repertoire ("A&R") department for Virgin Records/EMI, concerning another band Friedman represented.

29.    Wolter saw Friedman as the conduit Virgin/EMI could use to poach the Band from Victory.

30.    Wolter immediately brought Jeff Kempler, then Executive Vice President of Business Affairs for Virgin Records/EMI, in on the negotiations with Friedman in order to get what Virgin Records/EMI was really after, an exclusive recording agreement with the Band.  Kempler was the perfect Virgin Records/EMI minion to carry this out, since, upon information and belief, he had experience in extracting bands from other independent labels.  Upon information and belief, Kempler also had an ax to grind with Victory, and Brummel in particular, as a result of past unrelated dealings with Brummel during Kempler's previous incarnation as Senior VP of Business and Legal Affairs at Universal's Island Def Jam record label.

31.    On information and belief, Virgin was motivated to act as it did out of malice and a desire to harm Victory and Brummel.

32.    Upon information and belief, when Wolter voiced Virgin Records/EMI's interest in signing the Band, Friedman first proposed that Virgin Records/EMI set up a so-called vanity label whereby the Band could record, produce and distribute recordings of other bands that the Band would discover and sign.  To sweeten that offer, Friedman threw in an existing album called "A Day In The Life" which was recorded prior to 2003 by a predecessor music group of which, of the Band's current membership, only JT Woodruff was a member.

8

33. However, on January 7, 2006, JT Woodruff, through his company Carbon Copy Media, LLC ("Carbon Copy"), had entered into an exclusive record distribution agreement with Victory which provided for, *inter alia*, the assignment of exclusive rights to the "Day In The Life" album ("Carbon Copy Agreement"). Victory paid Carbon Copy $75, 000 for said distribution rights.

34. Using the proposed vanity label deal as a pretense, Virgin Records/EMI executives redirected the negotiations to obtain what they were really after, an *exclusive* recording agreement with the Band. Virgin Records/EMI proposed that any deal entered into with the Band would include distribution of the Band's recordings as well.

35. Having negotiated the Victory Agreement and guided the Band's business activities with Victory for the three years after its execution, Friedman knew that the Band remained bound thereby, but nevertheless he and the Band listened carefully to what Wolter and Kempler were offering.

36. Upon information and belief, in March 2006, Friedman attended a number of meetings in New York City with Kempler, Wolter, or both, to discuss what it would take to sign the Band exclusively to Virgin Records/EMI.

37. Upon information and belief, in the ensuing months, and prior to June 2006, Kempler and Friedman negotiated and agreed to the material terms of an agreement to sign the Band as exclusive recording artists with Virgin Records/EMI. The only obstacle to consummating that deal was the Victory Agreement.

38. Upon information and belief, in or around March 2006, Friedman provided Kempler with a copy of the Victory Agreement and the exclusive distribution agreement between Victory Records and Carbon Copy Media dated January 7, 2006.

9

39.    Kempler then spearheaded a campaign to cause the Band to terminate the Victory Agreement and sign with Virgin Records/EMI. The first step was for Kempler to find and indoctrinate a litigator on behalf of the Band. The second step was for Virgin Records/EMI to fund the contemplated litigation needed to free the Band from its contract with Victory. The third step was for the Band to publicly repudiate the Victory Agreement and to initiate a shock and awe litigation and public relations campaign with the intent to force Victory into capitulating into a quick settlement, freeing the Band to sign with Virgin Records/EMI.

40.    Upon information and belief, both Kempler and Wolter reported regularly to Jason Flom, Virgin's CEO, and kept him fully informed as they proceeded with each step of their plan to poach the Band from Victory.

41.    Kempler executed the first step on behalf of Virgin Records/EMI by contacting a series of litigators to gauge their interest in representing the Band in the contemplated litigation against Victory. Kempler's inquiries ultimately led to the referral and retainer of Rhonda Trotter by the Band.

42.    Rhonda Trotter is a member of Kaye Scholer LLP, one of the largest and most prominent law firms in the country. Trotter is a seasoned litigator with extensive experience in high-profile cases involving, *inter alia*, claims of tortious interference in the music industry.[2]

---

[2] One notable example is a well known case handled by Trotter while she was still counsel for TVT Records, an independent record company that sued Universal Music Group's urban music label, Island Def Jam Music Group and its President, Lyor Cohen, claiming that they had tortiously interfered with TVT's contract with a musical group signed to TVT, ironically all occurring during a period when Kempler was the senior vice president of business and legal affairs for Island Def Jam.

10

43.    Kempler then had several meetings and conversations with Trotter during which, upon information and belief, they discussed the most effective and expedient way to free the Band from the Victory Agreement.

44.    With Trotter now on board and with the program, Kempler then devised a way to fund the litigation. The Band entered into an agreement which granted Virgin Records/EMI the right to exclusively negotiate with the Band an exclusive recording artist and record distribution deal. This negotiation agreement was ultimately finalized and signed by Virgin Records/EMI and the Band on or about June 8, 2006 (the "Virgin Agreement").

45.    Upon information and belief, the Virgin Agreement was a thinly veiled business arrangement to provide the funding for the contemplated litigation. Virgin Records/EMI provided the Band up to $55,000.00, which in reality would be used to fund the Band's short-term litigation expenses. The parties believed this would be enough for their "shock and awe" campaign to have the intended effect – Victory's total capitulation – and thus free the Band to render their services as recording artists to Virgin Records/EMI on an exclusive basis.

46.    However, on information and belief, by June 8, 2006, many of the material terms of the exclusive recording artist agreement had already been substantially negotiated and agreed to by Virgin Records/EMI and the Band. During the purported negotiation period, very little, if anything, was actually negotiated. In other words, the Virgin Agreement was not intended to provide Virgin Records/EMI the time necessary to actually negotiate an exclusive recording and distribution agreement with the Band. It

11

was solely designed to provide the Band with the money and time to execute the plan to repudiate and terminate the Victory Agreement.

47. Using Virgin Records/EMI's initial $35,000 payment, the Band then formally retained Trotter's firm, Kaye Scholer LLP, to extricate the Band from the Victory Agreement, a strategy that Kempler and Trotter had been refining since Kempler first met with Trotter in May 2006.

48. Virgin Records/EMI also paid the Band the second payment of $20,000 for litigation expenses, thereby supplementing the Band's war chest.

49. The cabal launched its "shock and awe" campaign on August 3, 2006 with delivery of Trotter's letter to Victory in which the Band repudiated and purported to formally terminate the Victory Agreement, followed by the widely circulated media announcement that the Band had "left" Victory over a host of purported defalcations. This salvo was followed by the commencement on August 7, 2006 of the legal action entitled *Eron Buccarielli-Tieger, et al. v. Victory Records, Inc., et al*, No. 06-C-4258 in the federal district court for the Northern District of Illinois, Eastern Division, which likewise repudiated and otherwise sought to terminate the Victory Agreement.

50. The Band's follow-up public relations blitz provided maximum exposure for the unfounded and scurrilous attacks on Victory and its founder and owner Tony Brummel. This tandem litigation and public relations campaign was intended to put Victory on the defensive and impugn the integrity and credibility of Victory and Brummel, so that Victory would be forced to submit to the Band's extortionate demand for an uncompensated release from the Victory Agreement and a return of all of the intellectual property rights involved. Virgin Records/EMI could then collect the Band's

12

spoils and reap the rewards of Victory's hard spent toil, brand equity, A&R expertise, marketing savvy and massive financial investment.

51.    Notwithstanding the material breach caused by the Band's open repudiation of the Victory Agreement in its letter, in the media and in the courtroom, in an Order dated October 17, 2006, the Illinois District Court emphatically dismissed the Band's claim that the Victory Agreement was terminable at will and rejected the Band's assertion that it was free from its contractual obligations to Victory.

52.    In a subsequent ruling dated May 16, 2007, the Illinois District Court interpreted the Band's obligations under Victory Agreement to be non-exclusive, but nevertheless found the Band was still obligated to deliver two additional albums to Victory "within a reasonable time" during the remainder of the contract term.

53.    Rick Smith, who initially was hired by the Band to provide radio promotion support for the Band in the Fall of 2006, and then served as the Band's personal manager from January to May 2007, believed that a "reasonable time" for the delivery of the third album to Victory, consistent with the record industry standards for so-called "album cycles," would have been in or about January 2007, or about one year from the delivery of the Band's second album.

54.    During the three years leading up to the Band's repudiation of the Victory Agreement, the Band and Victory had operated as if that agreement were *exclusive*, and both parties had the reasonable expectation that it would remain so, consistent with the parties' past course of conduct.

55.    Virgin Records/EMI's strategy nevertheless has had its intended effect, and the damage had been done. Sales of the first two albums the Band recorded for Victory

13

have plummeted since the Band's repudiation. Copies of the Band's albums have been returned to Victory by its retail accounts in such vast numbers as to cause Victory millions of dollars in damages for returned product alone.

56. The Band's relationship with Victory has been irreconcilably cloven. Despite the Illinois District Court's May 2007 ruling, the Band continues to repudiate and refuse to fulfill its obligations to deliver a third album under the Victory Agreement and continues to pursue its pointless litigation seeking to terminate the Victory Agreement. Finally, upon information and belief, the Band continues to write and record music for release on another label, all in breach of the Victory Agreement, thereby causing Victory increasingly escalating damages.

## COUNT I
### (Tortious Interference with Contract)

57. Victory repeats and realleges the allegations in Paragraphs 1 through 56 herein.

58. The Victory Agreement is a valid and enforceable contract between the Band and Victory Records, Inc.

59. Virgin Records/EMI was aware of the contractual relationship between the Band and Victory created by the Victory Agreement prior to the time it intentionally interfered with that relationship.

60. Virgin Records/EMI intentionally induced the Band to breach the Victory Agreement by, *inter alia*, devising and funding the strategy of wrongfully repudiating the Victory Agreement.

61. But for Virgin Records/EMI's actions, the Band would not have repudiated and breached the Victory Agreement.

62.  As a result of Virgin Records/EMI's actions, Victory has been damaged in an amount to be determined at trial, but in no event less than $10,000,000.

63.  In addition, Virgin Records/EMI's actions are the type of intentional, willful, wanton and deliberate conduct that justifies the imposition of punitive damages in an amount to be established at trial, but in no event less than $25,000,000.

## COUNT II
### (Tortious Interference with Business Relations)

64.  Victory repeats and realleges the allegations in Paragraphs 1 through 63 herein.

65.  Under the terms of the Victory Agreement as written, understood and carried out by the parties, the Band exclusively and consecutively recorded and delivered the first two albums in what was agreed to be a four consecutive album deal.

66.  Based upon the parties' prior conduct under the Victory Agreement, Victory had a reasonable expectation that the Band would have exclusively and consecutively recorded and delivered the third and fourth albums on the schedule set forth in the Victory Agreement without interruption.

67.  Based upon the parties' prior conduct under the Victory Agreement, Victory had a reasonable expectation that the Band would actively promote the second album in the same manner as it had promoted the first album, with, at a minimum, a similar result in sales.

68.  Virgin Records/EMI knew that Victory had the above reasonable expectations at the time it intentionally interfered with Victory's relationship with the Band.

15

69. Virgin Records/EMI's actions were performed with the intent to injure Victory, with the knowledge that the Band's refusal to exclusively and consecutively record the third and fourth albums, and its refusal to actively promote the second album, would destroy the value of the Victory Agreement.

70. But for Virgin Records/EMI's intentional interference with Victory's existing and prospective business relationship with the Band, the Band would have exclusively and consecutively recorded and delivered the third and fourth albums on the schedule set forth in the Victory Agreement without interruption.

71. But for Virgin Records/EMI's intentional interference with Victory's existing and prospective business relationship with the Band, the Band would have continued to actively promote the second album, and Victory would not have received returns of over 500,000 units of that album that had been shipped to retailers.

72. As a result of Virgin Records/EMI's actions, Victory has been damaged in an amount to be determined at trial, but in no event less than $10,000,000.

73. In addition, Virgin Records/EMI's actions are the type of intentional, willful, wanton and deliberate conduct that justifies the imposition of punitive damages in an amount to be established at trial, but in no event less than $25,000,000.

**WHEREFORE**, Victory respectfully prays that the Court find in its favor and enter an order and judgment awarding:

a. Compensatory damages in an amount to be proved at trial, but not less than $10,000,000;

b. Punitive damages in an amount to be determined at trial but in no event less than $25,000,000;

c. The costs of suit and attorneys fees;

16

d.    Interest on its damages at the legal rate; and

e.    Such other and further relief that the Court may deem to be just and proper.

## **JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury of all

issues which are so triable.

Dated: January 14, 2008

MELONI & MCCAFFREY, P.C.

By:

Robert S. Meloni (RM 8087)
Thomas P. McCaffrey (TPM 4057)

1350 Avenue of the Americas - Suite 3100
New York, New York 10019
Tel: (212) 957-5577

*Attorneys for Plaintiffs Victory Records, Inc. and
Another Victory, Inc.*

# EXHIBIT B

# U.S. Bankruptcy Court
## Southern District of Ohio (Dayton)
### Bankruptcy Petition #: 3:08-bk-30912

*Assigned to:* Lawrence S. Walter                        *Date Filed:* 02/29/2008
Chapter 7
Voluntary
No asset
AP Case: No


*Debtor*                                          represented by **John Paul Rieser**
**James Thomas Woodruff, II**                                7925 Graceland Street
268 Coyote Drive                                    Dayton, OH 45459
Maineville, OH 45039                              (937) 224-4128
SSN: xxx-xx-8535                                Email: attyecfdesk@rieserlaw.com
*dba*
**Hawthorne Heights**
*fdba*
**A Day In The Life**
*aka*
**J.T. Woodruff**


*Trustee*
**Thomas R Noland**
Fifth Third Center
110 North Main Street
Suite 1520
Dayton, OH 45402
937.222.1203


*U.S. Trustee*
**Asst US Trustee (Day)**
Office of the US Trustee
170 North High Street
Suite 200
Columbus, OH 43215-2417
614-469-7411

| Filing Date | # | Docket Text |
|---|---|---|
| 02/29/2008 | 1 | Chapter 7 Voluntary Petition Fee Amount $299 Filed by James Thomas Woodruff II Certification Regarding Payment Advices Due: 4/14/2008. (Rieser, John) (Entered: 02/29/2008) |
| 02/29/2008 | 2 | Statement of Social Security Number-Form 21 Filed by Debtor James Thomas Woodruff II. (Rieser, John) (Entered: 02/29/2008) |
| 02/29/2008 | 3 | Statement 1015-2 with No Previous Filing(s) Filed by Debtor James Thomas Woodruff II. (Rieser, John) (Entered: 02/29/2008) |

| 02/29/2008 | 4 | Statement of Intent Filed by Debtor James Thomas Woodruff II. (Rieser, John) (Entered: 02/29/2008) |
|---|---|---|
| 02/29/2008 | 5 | Verification of Creditor Matrix Filed by Debtor James Thomas Woodruff II. (Rieser, John) (Entered: 02/29/2008) |
| 02/29/2008 | | Auto Assignment of Judge and Trustee with Meeting of Creditors to Be Noticed for 04/24/2008 at 03:00 PM at Suite 309. Objections for Discharge Due by 06/23/2008. (Rieser, John) (Entered: 02/29/2008) |
| 02/29/2008 | 6 | Exhibit *to Schedule B* Filed by Debtor James Thomas Woodruff II. (Rieser, John) (Entered: 02/29/2008) |
| 02/29/2008 | 7 | Certificate of Credit Counseling as to Debtor with Credit Counseling Briefing Completed PRIOR to the Filing of the Petition Filed by Debtor James Thomas Woodruff II. (Rieser, John) (Entered: 02/29/2008) |
| 02/29/2008 | | Receipt of Voluntary Petition (Chapter 7)(3:08-bk-30912) [misc,volp7] ( 299.00) Filing Fee. Receipt Number 9603169,amount$ 299.00. (U.S. Treasury) (Entered: 02/29/2008) |
| 03/03/2008 | 8 | Notice to Individual Consumer Debtor (3mn, ) (Entered: 03/03/2008) |
| 03/03/2008 | 9 | Meeting of Creditors (3mn, ) (Entered: 03/03/2008) |
| 03/03/2008 | 10 | Notice of Reassignment of Judge. Involvement of Judge Guy R Humphrey Terminated and Judge Lawrence S. Walter Added to Case (3mn, ) (Entered: 03/03/2008) |
| 03/05/2008 | 11 | BNC Certificate of Mailing (RE: related documents(s)8 Notice to Debtor) Service Date 03/05/2008. (Admin.) (Entered: 03/06/2008) |
| 03/05/2008 | 12 | BNC Certificate of Mailing (RE: related documents(s)10 Reassignment of Judge) Service Date 03/05/2008. (Admin.) (Entered: 03/06/2008) |
| 03/05/2008 | 13 | BNC Certificate of Mailing (RE: related documents(s)9 Meeting of Creditors) Service Date 03/05/2008. (Admin.) (Entered: 03/06/2008) |
| 03/17/2008 | 14 | Notice of Appearance and Request for Notice by Ronald S Pretekin Filed by Creditor Victory Records, Inc.. (Pretekin, Ronald) (Entered: 03/17/2008) |
| 03/25/2008 | 15 | Certification by Attorney for Debtor Regarding 342(b) Notice Filed by Debtor James Thomas Woodruff II. (Rieser, John) (Entered: 03/25/2008) |
| 03/25/2008 | 16 | Certificate of Service of Tax Information Filed by Debtor James Thomas Woodruff II. (Rieser, John) (Entered: 03/25/2008) |
| 03/25/2008 | 17 | Certification Regarding Submission of Payment Advices to the Trustee Filed by |

| | | |
|---|---|---|
| | | Debtor James Thomas Woodruff II RE: related document(s)1 ). (Rieser, John) (Entered: 03/25/2008) |
| 04/01/2008 | 18 | Financial Management Course Certificate of Debtor Filed by Debtor James Thomas Woodruff II. (Rieser, John) (Entered: 04/01/2008) |
| 04/21/2008 | 19 | Motion to Extend/Shorten Time *to Assume or Reject Executory Contracts and/or Leases, Pending Determination if Certain Contracts are Subject to Assumption and Assignment, and to Excuse Post-Petition Performance Until Determination and Election by the Trustee is Made, and Notice of Opportunity for Hearing* Filed by Trustee Thomas R Noland (Noland, Thomas) (Entered: 04/21/2008) |
| 04/25/2008 | 20 | Amended Schedules filed: Schedule B, Purpose of Amendment is to Add. Name of Creditor(s):. Filed by Debtor James Thomas Woodruff II. (Rieser, John) (Entered: 04/25/2008) |
| 04/25/2008 | 21 | Order Authorizing Extension of Time to Assume or Reject Executory Contracts/Lease and Excusing Post-Petition Performance by the Estate or Trustee Pending Determination if Certain Contracts or Leases are Subject to Assumption and Opportunity for Further Hearing on this Order (Related Doc # 19) (3mn, ) (Entered: 04/28/2008) |
| 04/28/2008 | | Continuance of Meeting of Creditors on 4/25/2008 at 10:00 AM at Suite 309 (Noland, Thomas) (Entered: 04/28/2008) |
| 04/28/2008 | | Chapter 7 Meeting of Creditors Held (Noland, Thomas) (Entered: 04/28/2008) |
| 04/29/2008 | 22 | Objection to Debtor's Claim of Exemptions Filed by Trustee Thomas R Noland. (Noland, Thomas) (Entered: 04/29/2008) |
| 04/30/2008 | 23 | BNC Certificate of Mailing - PDF Document (RE: related documents(s)21 Order on Motion to Extend/Shorten Time, ) Service Date 04/30/2008. (Admin.) (Entered: 05/01/2008) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 05/01/2008 10:54:57 | | |
| **PACER Login:** | ▇▇▇ | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:08-bk-30912 Fil or Ent: filed From: 2/29/2008 To: 5/1/2008 Doc From: 0 Doc To: 99999999 Term: included Format: HTML |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

B1 (Official Form 1)(1/08)

| United States Bankruptcy Court<br>Southern District of Ohio | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Woodruff, James Thomas II** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**DBA Hawthorne Heights; FDBA A Day In The Life; AKA<br>J.T. Woodruff** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-8535** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>**268 Coyote Drive<br>Maineville, OH**<br><div align=right>ZIP Code<br>**45039**</div> | Street Address of Joint Debtor (No. and Street, City, and State):<br><div align=right>ZIP Code</div> |
| County of Residence or of the Principal Place of Business:<br>**Warren** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br><div align=right>ZIP Code</div> | Mailing Address of Joint Debtor (if different from street address):<br><div align=right>ZIP Code</div> |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

| **Type of Debtor**<br>(Form of Organization)<br>(Check one box) | **Nature of Business**<br>(Check one box) | **Chapter of Bankruptcy Code Under Which<br>the Petition is Filed** (Check one box) | |
|---|---|---|---|
| ■ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>check this box and state type of entity.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined<br>in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>■ Other | ■ Chapter 7<br>☐ Chapter 9<br>☐ Chapter 11<br>☐ Chapter 12<br>☐ Chapter 13 | ☐ Chapter 15 Petition for Recognition<br>of a Foreign Main Proceeding<br>☐ Chapter 15 Petition for Recognition<br>of a Foreign Nonmain Proceeding |
| | **Tax-Exempt Entity**<br>(Check box, if applicable)<br>☐ Debtor is a tax-exempt organization<br>under Title 26 of the United States<br>Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check one box)<br>☐ Debts are primarily consumer debts, ■ Debts are primarily<br>defined in 11 U.S.C. § 101(8) as business debts.<br>"incurred by an individual primarily for<br>a personal, family, or household purpose." | |

| **Filing Fee** (Check one box)<br>■ Full Filing Fee attached<br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must<br>attach signed application for the court's consideration certifying that the debtor<br>is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must<br>attach signed application for the court's consideration. See Official Form 3B. | Check one box: **Chapter 11 Debtors**<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed<br>to insiders or affiliates) are less than $2,190,000.<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more<br>classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
|---|---|

| **Statistical/Administrative Information**<br>☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid,<br>there will be no funds available for distribution to unsecured creditors. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

Estimated Number of Creditors

| ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-<br>49 | 50-<br>99 | 100-<br>199 | 200-<br>999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | OVER<br>100,000 |

Estimated Assets

| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

B1 (Official Form 1)(1/08)                                                                                                    **Page 2**

| **Voluntary Petition**<br><br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Woodruff, James Thomas II** |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed:   **- None -** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>- None - | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A**<br><br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).<br><br>X_____<br>  Signature of Attorney for Debtor(s)            (Date) |
|---|---|

| **Exhibit C** |
|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?<br><br>☐ Yes, and Exhibit C is attached and made a part of this petition.<br>■ No. |

| **Exhibit D** |
|---|
| (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)<br>  ■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.<br>If this is a joint petition:<br>  ☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition. |

| **Information Regarding the Debtor - Venue** |
|---|
| (Check any applicable box) |
| ■  Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District. |
| ☐  There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District. |
| ☐  Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| **Certification by a Debtor Who Resides as a Tenant of Residential Property** |
|---|
| (Check all applicable boxes) |
| ☐  Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)<br><br>   _____<br>    (Name of landlord that obtained judgment)<br><br><br>   _____<br>    (Address of landlord) |
| ☐  Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and |
| ☐  Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition. |
| ☐  Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)). |

B1 (Official Form 1)(1/08)                                                                                                    **Page 3**

| | |
|---|---|
| **Voluntary Petition**<br><br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br><br>**Woodruff, James Thomas II** |

<div align="center"><b>Signatures</b></div>

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ James Thomas Woodruff, II**
Signature of Debtor   **James Thomas Woodruff, II**

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

**February 29, 2008**
Date

**Signature of Attorney\***

X **/s/ John Paul Rieser**
Signature of Attorney for Debtor(s)

**John Paul Rieser 0017850**
Printed Name of Attorney for Debtor(s)

**Rieser & Associates LLC**
Firm Name

**7925 Graceland Street**
**Dayton, OH 45459**
Address

Email: attyecfdesk@rieserlaw.com
**937-224-4128  Fax: 937-224-3090**
Telephone Number

**February 29, 2008**
Date

\*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

# U.S. Bankruptcy Court
## Southern District of Ohio (Dayton)
### Bankruptcy Petition #: 3:08-bk-30911

*Assigned to:* Lawrence S. Walter                                    *Date Filed:* 02/29/2008
Chapter 7
Voluntary
No asset
AP Case: No

| | |
|---|---|
| *Debtor* | represented by **John Paul Rieser** |
| **Eron N Bucciarelli-Tieger** | 7925 Graceland Street |
| 217 Pointers Run | Dayton, OH 45459 |
| Englewood, OH 45322 | (937) 224-4128 |
| SSN: xxx-xx-6891 | Email: attyecfdesk@rieserlaw.com |
| *dba* | |
| **Hawthorne Heights** | |
| *fdba* | |
| **A Day In The Life** | |
| *aka* | |
| **Eron N. Bucciarelli** | |

*Trustee*
**Thomas R Noland**
Fifth Third Center
110 North Main Street
Suite 1520
Dayton, OH 45402
937.222.1203

*U.S. Trustee*
**Asst US Trustee (Day)**
Office of the US Trustee
170 North High Street
Suite 200
Columbus, OH 43215-2417
614-469-7411

| Filing Date | # | Docket Text |
|---|---|---|
| 02/29/2008 | 1 | Chapter 7 Voluntary Petition Fee Amount $299 Filed by Eron N Bucciarelli-Tieger Certification Regarding Payment Advices Due: 4/14/2008. (Rieser, John) (Entered: 02/29/2008) |
| 02/29/2008 | 2 | Statement of Social Security Number-Form 21 Filed by Debtor Eron N Bucciarelli-Tieger. (Rieser, John) (Entered: 02/29/2008) |
| 02/29/2008 | 3 | Statement 1015-2 with No Previous Filing(s) Filed by Debtor Eron N Bucciarelli-Tieger. (Rieser, John) (Entered: 02/29/2008) |

| 02/29/2008 | 4 | Statement of Intent Filed by Debtor Eron N Bucciarelli-Tieger. (Rieser, John) (Entered: 02/29/2008) |
|---|---|---|
| 02/29/2008 | 5 | Verification of Creditor Matrix Filed by Debtor Eron N Bucciarelli-Tieger. (Rieser, John) (Entered: 02/29/2008) |
| 02/29/2008 | | Auto Assignment of Judge and Trustee with Meeting of Creditors to Be Noticed for 04/24/2008 at 03:00 PM at Suite 309. Objections for Discharge Due by 06/23/2008. (Rieser, John) (Entered: 02/29/2008) |
| 02/29/2008 | | Receipt of Voluntary Petition (Chapter 7)(3:08-bk-30911) [misc,volp7] ( 299.00) Filing Fee. Receipt Number 9603169,amount$ 299.00. (U.S. Treasury) (Entered: 02/29/2008) |
| 02/29/2008 | 6 | Exhibit *to Schedule B* Filed by Debtor Eron N Bucciarelli-Tieger. (Rieser, John) (Entered: 02/29/2008) |
| 02/29/2008 | 7 | Certificate of Credit Counseling as to Debtor with Credit Counseling Briefing Completed PRIOR to the Filing of the Petition Filed by Debtor Eron N Bucciarelli-Tieger. (Rieser, John) (Entered: 02/29/2008) |
| 03/03/2008 | 8 | Notice of Reassignment of Judge. Involvement of Judge Guy R Humphrey Terminated and Judge Lawrence S. Walter Added to Case (3ti, ) (Entered: 03/03/2008) |
| 03/03/2008 | 9 | Meeting of Creditors (3ti, ) (Entered: 03/03/2008) |
| 03/03/2008 | 10 | Notice to Individual Consumer Debtor (3ti, ) (Entered: 03/03/2008) |
| 03/05/2008 | 11 | BNC Certificate of Mailing (RE: related documents(s)10 Notice to Debtor) Service Date 03/05/2008. (Admin.) (Entered: 03/06/2008) |
| 03/05/2008 | 12 | BNC Certificate of Mailing (RE: related documents(s)8 Reassignment of Judge) Service Date 03/05/2008. (Admin.) (Entered: 03/06/2008) |
| 03/05/2008 | 13 | BNC Certificate of Mailing (RE: related documents(s)9 Meeting of Creditors) Service Date 03/05/2008. (Admin.) (Entered: 03/06/2008) |
| 03/10/2008 | 14 | Request for Notice filed by Creditor VW Credit, Inc. (Lozano, Joe) (Entered: 03/10/2008) |
| 03/17/2008 | 15 | Notice of Appearance and Request for Notice by Ronald S Pretekin Filed by Creditor Victory Records, Inc.. (Pretekin, Ronald) (Entered: 03/17/2008) |
| 03/25/2008 | 16 | Certificate of Service of Tax Information Filed by Debtor Eron N Bucciarelli-Tieger. (Rieser, John) (Entered: 03/25/2008) |
| 03/25/2008 | 17 | Certification Regarding Submission of Payment Advices to the Trustee Filed by |

| | | Debtor Eron N Bucciarelli-Tieger RE: related document(s)1 ). (Rieser, John) (Entered: 03/25/2008) |
|---|---|---|
| 03/25/2008 | 18 | Certification by Attorney for Debtor Regarding 342(b) Notice Filed by Debtor Eron N Bucciarelli-Tieger. (Rieser, John) (Entered: 03/25/2008) |
| 04/03/2008 | 19 | Financial Management Course Certificate of Debtor Filed by Debtor Eron N Bucciarelli-Tieger. (Rieser, John) (Entered: 04/03/2008) |
| 04/21/2008 | 20 | Motion to Extend/Shorten Time *to Assume or Reject Executory Contracts and/or Leases, Pending Determination if Certain Contracts are Subject to Assumption and Assignment, and to Excuse Post-Petition Performance Until Determination and Election by the Trustee is Made, and Notice of Opportunity for Hearing* Filed by Trustee Thomas R Noland (Noland, Thomas) (Entered: 04/21/2008) |
| 04/25/2008 | 21 | Order Authorizing Extension of Time To Assume or Reject ExecutoryContracts/Leases and Excusing Post-Petition Performance By the Estate or TrusteePending Determination if Certain Contracts or Leases are Subject to Assumptionand Opportunity for Further Hearing on this Order (Last day to file objection May 12, 2008)(Related Doc # 20) (3ti, ) (Entered: 04/28/2008) |
| 04/28/2008 | | Continuance of Meeting of Creditors on 4/25/2008 at 10:00 AM at Suite 309 (Noland, Thomas) (Entered: 04/28/2008) |
| 04/28/2008 | | Chapter 7 Meeting of Creditors Held (Noland, Thomas) (Entered: 04/28/2008) |
| 04/29/2008 | 22 | Objection to Debtor's Claim of Exemptions Filed by Trustee Thomas R Noland. (Noland, Thomas) (Entered: 04/29/2008) |
| 04/30/2008 | 23 | BNC Certificate of Mailing - PDF Document (RE: related documents(s)21 Order on Motion to Extend/Shorten Time, ) Service Date 04/30/2008. (Admin.) (Entered: 05/01/2008) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 05/01/2008 10:54:15 | | |
| **PACER Login:** | ████ | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:08-bk-30911 Fil or Ent: filed From: 2/29/2008 To: 5/1/2008 Doc From: 0 Doc To: 99999999 Term: included Format: HTML |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

B1 (Official Form 1) (1/08)

| United States Bankruptcy Court<br>Southern District of Ohio | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Bucciarelli-Tieger, Eron N** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**DBA Hawthorne Heights; FDBA A Day In The Life; AKA Eron N. Bucciarelli** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-6891** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>**217 Pointers Run<br>Englewood, OH**    ZIP Code **45322** | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP Code |
| County of Residence or of the Principal Place of Business:<br>**Montgomery** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br><br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIP Code |

Location of Principal Assets of Business Debtor
(if different from street address above):

| Type of Debtor<br>(Form of Organization)<br>(Check one box) | Nature of Business<br>(Check one box) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) |
|---|---|---|
| ■ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>■ Other | ■ Chapter 7<br>☐ Chapter 9<br>☐ Chapter 11<br>☐ Chapter 12<br>☐ Chapter 13    ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding |

| | Tax-Exempt Entity<br>(Check box, if applicable)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | Nature of Debts<br>(Check one box)<br>☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."    ■ Debts are primarily business debts. |
|---|---|---|

| Filing Fee (Check one box)<br>■ Full Filing Fee attached<br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:    **Chapter 11 Debtors**<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
|---|---|

| Statistical/Administrative Information<br>☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

Estimated Number of Creditors

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |

Estimated Assets

| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

B1 (Official Form 1)(1/08)                                                                                                                              **Page 2**

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Bucciarelli-Tieger, Eron N** |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed:  **- None -** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>- None - | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A**<br><br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).<br><br>X _____<br>    Signature of Attorney for Debtor(s)              (Date) |
|---|---|

| **Exhibit C** |
|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety? |
|     ☐ Yes, and Exhibit C is attached and made a part of this petition. |
|     ■ No. |

| **Exhibit D** |
|---|
| (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.) |
|     ■ Exhibit D completed and signed by the debtor is attached and made a part of this petition. |
| If this is a joint petition: |
|     ☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition. |

| **Information Regarding the Debtor - Venue**<br>(Check any applicable box) |
|---|
| ■    Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District. |
| ☐    There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District. |
| ☐    Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| **Certification by a Debtor Who Resides as a Tenant of Residential Property**<br>(Check all applicable boxes) |
|---|
| ☐    Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.) |
|             _____<br>            (Name of landlord that obtained judgment) |
|             _____<br>            (Address of landlord) |
| ☐    Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and |
| ☐    Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition. |
| ☐    Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)). |

B1 (Official Form 1)(1/08)                                                                                                                Page 3

| **Voluntary Petition** | Name of Debtor(s): |
| *(This page must be completed and filed in every case)* | **Bucciarelli-Tieger, Eron N** |

**Signatures**

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X  **/s/ Eron N Bucciarelli-Tieger**
Signature of Debtor  **Eron N Bucciarelli-Tieger**

X _____
Signature of Joint Debtor

Telephone Number (If not represented by attorney)

**February 29, 2008**
Date

**Signature of Attorney***

X  **/s/ John Paul Rieser**
Signature of Attorney for Debtor(s)

**John Paul Rieser 0017850**
Printed Name of Attorney for Debtor(s)

**Rieser & Associates LLC**
Firm Name

**7925 Graceland Street**
**Dayton, OH 45459**
Address

                    **Email: attyecfdesk@rieserlaw.com**
**937-224-4128  Fax: 937-224-3090**
Telephone Number

**February 29, 2008**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

# U.S. Bankruptcy Court
## Southern District of Ohio (Dayton)
### Bankruptcy Petition #: 3:08-bk-30909

*Assigned to:* Lawrence S. Walter                                          *Date Filed:* 02/29/2008
Chapter 7
Voluntary
Asset
AP Case: No

*Debtor*                                                    represented by **John Paul Rieser**
**Micah Alan Carli**                                        7925 Graceland Street
104 N. Market Street, Apt. D                                Dayton, OH 45459
Troy, OH 45373                                              (937) 224-4128
SSN: xxx-xx-3327                                            Email: attyecfdesk@rieserlaw.com
*dba*
**Hawthorne Heights**
*fdba*
**A Day In The Life**

*Trustee*
**Roger Luring**
314 West Main Street
Troy, OH 45373
937-339-2627

*U.S. Trustee*
**Asst US Trustee (Day)**
Office of the US Trustee
170 North High Street
Suite 200
Columbus, OH 43215-2417
614-469-7411

| Filing Date | # | Docket Text |
|---|---|---|
| 02/29/2008 | 1 | Chapter 7 Voluntary Petition Fee Amount $299 Filed by Micah Alan Carli Certification Regarding Payment Advices Due: 4/14/2008. (Rieser, John) (Entered: 02/29/2008) |
| 02/29/2008 | 2 | Statement of Social Security Number-Form 21 Filed by Debtor Micah Alan Carli. (Rieser, John) (Entered: 02/29/2008) |
| 02/29/2008 | 3 | Statement 1015-2 with No Previous Filing(s) Filed by Debtor Micah Alan Carli. (Rieser, John) (Entered: 02/29/2008) |
| 02/29/2008 | 4 | Statement of Intent Filed by Debtor Micah Alan Carli. (Rieser, John) (Entered: 02/29/2008) |
| 02/29/2008 | 5 | Verification of Creditor Matrix Filed by Debtor Micah Alan Carli. (Rieser, John) |

| | | |
|---|---|---|
| | | (Entered: 02/29/2008) |
| 02/29/2008 | | Auto Assignment of Judge and Trustee with Meeting of Creditors to Be Noticed for 04/16/2008 at 11:00 AM at Troy 3rd Floor Courtroom. Objections for Discharge Due by 06/16/2008. (Rieser, John) (Entered: 02/29/2008) |
| 02/29/2008 | | Receipt of Voluntary Petition (Chapter 7)(3:08-bk-30909) [misc,volp7] ( 299.00) Filing Fee. Receipt Number 9603169,amount$ 299.00. (U.S. Treasury) (Entered: 02/29/2008) |
| 02/29/2008 | 6 | Exhibit *to Schedule B* Filed by Debtor Micah Alan Carli. (Rieser, John) (Entered: 02/29/2008) |
| 02/29/2008 | 7 | Certificate of Credit Counseling as to Debtor with Credit Counseling Briefing Completed PRIOR to the Filing of the Petition Filed by Debtor Micah Alan Carli. (Rieser, John) (Entered: 02/29/2008) |
| 03/03/2008 | 8 | Meeting of Creditors (3ti, ) (Entered: 03/03/2008) |
| 03/03/2008 | 9 | Notice to Individual Consumer Debtor (3ti, ) (Entered: 03/03/2008) |
| 03/05/2008 | 10 | BNC Certificate of Mailing (RE: related documents(s)9 Notice to Debtor) Service Date 03/05/2008. (Admin.) (Entered: 03/06/2008) |
| 03/05/2008 | 11 | BNC Certificate of Mailing (RE: related documents(s)8 Meeting of Creditors) Service Date 03/05/2008. (Admin.) (Entered: 03/06/2008) |
| 03/17/2008 | 12 | Notice of Appearance and Request for Notice by Ronald S Pretekin Filed by Creditor Victory Records, Inc.. (Pretekin, Ronald) (Entered: 03/17/2008) |
| 03/31/2008 | 13 | Notice of Deficiency Regarding Certification of Payment Advices (3ti, ) (Entered: 03/31/2008) |
| 03/31/2008 | 14 | Certification by Attorney for Debtor Regarding 342(b) Notice Filed by Debtor Micah Alan Carli. (Rieser, John) (Entered: 03/31/2008) |
| 03/31/2008 | 15 | Certificate of Service of Tax Information Filed by Debtor Micah Alan Carli. (Rieser, John) (Entered: 03/31/2008) |
| 03/31/2008 | 16 | Certification Regarding Submission of Payment Advices to the Trustee Filed by Debtor Micah Alan Carli RE: related document(s)1 ). (Rieser, John) (Entered: 03/31/2008) |
| 04/02/2008 | 17 | BNC Certificate of Mailing (RE: related documents(s)13 Notice of Deficiency Re: Payment Advices) Service Date 04/02/2008. (Admin.) (Entered: 04/03/2008) |
| 04/08/2008 | 18 | Financial Management Course Certificate of Debtor Filed by Debtor Micah Alan Carli. (Rieser, John) (Entered: 04/08/2008) |

| 04/18/2008 | | Chapter 7 Meeting of Creditors Held (Luring, Roger) (Entered: 04/18/2008) |
|---|---|---|
| 04/28/2008 | 19 | Motion to Extend/Shorten Time *Motion for Extension of Time to Assume or Reject Executory Contracts and/or Leases, Pending Determination if Certain Contracts are subject to Assumption and Assignment, and to Excuse Post-Petition Performance Until Determination and Election by the Trustee is Made, and Notice of Opportunity for Hearing* Filed by Trustee Roger Luring (Luring, Roger) (Entered: 04/28/2008) |
| 04/29/2008 | 20 | ORDER AUTHORIZING EXTENSION OF TIME TO ASSUME OR REJECT EXECUTORY CONTRACTS/LEASES AND EXCUSING POST-PETITION PERFORMANCE BY THE ESTATE OR TRUSTEE PENDING DETERMINATION CERTAIN CONTRACTS OR LEASES ARE SUBJECT TO ASSUMPTION AND OPPORTUNITY FOR FURTHER HEARING ON THIS ORDER ( LAST DAY TO FILE OBJECTION MAY 18, 2008)(Related Doc # 19) (3ti, ) (Entered: 04/29/2008) |
| 04/29/2008 | 21 | Application to Employ Roger E. Luring as Attorney for Trustee Filed by Trustee Roger Luring (Attachments: # 1 Exhibit A) (Luring, Roger) (Entered: 04/29/2008) |
| 04/30/2008 | | Trustee's Notice of Assets & Request for Notice to Creditors.. (Luring, Roger) (Entered: 04/30/2008) |
| 05/01/2008 | 22 | Notice of Need to File Proof of Claim Due to Recovery of Assets Proofs of Claim Due: 7/30/2008. (3ti, ) (Entered: 05/01/2008) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 05/01/2008 10:50:32 | | |
| **PACER Login:** | ███ | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:08-bk-30909 Fil or Ent: filed From: 2/29/2008 To: 5/1/2008 Doc From: 0 Doc To: 99999999 Term: included Format: HTML |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

B1 (Official Form 1)(1/08)

| United States Bankruptcy Court<br>Southern District of Ohio | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Carli, Micah Alan** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**DBA Hawthorne Heights; FDBA A Day In The Life** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |

| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all)<br>**xxx-xx-3327** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all) |
|---|---|

| Street Address of Debtor (No. and Street, City, and State):<br>**104 N. Market Street, Apt. D**<br>**Troy, OH**<br><div align="right">ZIP Code **45373**</div> | Street Address of Joint Debtor (No. and Street, City, and State):<br><div align="right">ZIP Code</div> |
|---|---|
| County of Residence or of the Principal Place of Business:<br>**Miami** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br><div align="right">ZIP Code</div> | Mailing Address of Joint Debtor (if different from street address):<br><div align="right">ZIP Code</div> |

Location of Principal Assets of Business Debtor
(if different from street address above):

| Type of Debtor<br>(Form of Organization)<br>(Check one box) | Nature of Business<br>(Check one box) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) |
|---|---|---|
| ■ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>■ Other | ■ Chapter 7<br>☐ Chapter 9<br>☐ Chapter 11<br>☐ Chapter 12<br>☐ Chapter 13    ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding |

| | Tax-Exempt Entity<br>(Check box, if applicable)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | Nature of Debts<br>(Check one box)<br>☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."    ■ Debts are primarily business debts. |
|---|---|---|

| Filing Fee (Check one box)<br>■ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | **Chapter 11 Debtors**<br>Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
|---|---|

| Statistical/Administrative Information<br>☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

Estimated Number of Creditors

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-<br>49 | 50-<br>99 | 100-<br>199 | 200-<br>999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | OVER<br>100,000 |

Estimated Assets

| ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

B1 (Official Form 1)(1/08)                                                                                                    **Page 2**

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Carli, Micah Alan** |
|---|---|

### All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet)

| Location<br>Where Filed: **- None -** | Case Number: | Date Filed: |
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor:<br>**- None -** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).<br><br>X_____<br>    Signature of Attorney for Debtor(s)       (Date) |

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
#### (Check any applicable box)

■    Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐    There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐    Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
#### (Check all applicable boxes)

☐    Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

         _____<br>         (Name of landlord that obtained judgment)

         _____<br>         (Address of landlord)

☐    Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐    Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐    Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1)(1/08)                                                                                                    **Page 3**

| **Voluntary Petition** | Name of Debtor(s): |
| --- | --- |
| *(This page must be completed and filed in every case)* | **Carli, Micah Alan** |

<div align="center">

**Signatures**

</div>

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
| --- | --- |

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Micah Alan Carli**
Signature of Debtor  **Micah Alan Carli**

X _____
Signature of Joint Debtor

Telephone Number (If not represented by attorney)

**February 29, 2008**
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____

Signature of Foreign Representative

_____

Printed Name of Foreign Representative

_____

Date

**Signature of Attorney\***

X **/s/ John Paul Rieser**
Signature of Attorney for Debtor(s)

**John Paul Rieser 0017850**
Printed Name of Attorney for Debtor(s)

**Rieser & Associates LLC**
Firm Name

**7925 Graceland Street**
**Dayton, OH 45459**
Address

Email: **attyecfdesk@rieserlaw.com**
**937-224-4128 Fax: 937-224-3090**
Telephone Number

**February 29, 2008**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____

Printed Name and title, if any, of Bankruptcy Petition Preparer

_____

Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____

Address

X _____

_____

Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

<div align="center">

**U.S. Bankruptcy Court**
**Southern District of Ohio (Dayton)**
**Bankruptcy Petition #: 3:08-bk-30914**

</div>

*Assigned to:* Lawrence S. Walter                      *Date Filed:* 02/29/2008
Chapter 7
Voluntary
No asset
AP Case: No

| | |
|---|---|
| ***Debtor***<br>**Matthew Phillip Ridenour**<br>2908 Roanoke Ave<br>Dayton, OH 45419<br>SSN: xxx-xx-3899<br>*dba*<br>**Hawthorne Heights**<br>*fdba*<br>**A Day In The Life**<br>*aka*<br>**Matt Ridenour** | represented by **John Paul Rieser**<br>7925 Graceland Street<br>Dayton, OH 45459<br>(937) 224-4128<br>Email: attyecfdesk@rieserlaw.com |

***Trustee***
**Thomas R Noland**
Fifth Third Center
110 North Main Street
Suite 1520
Dayton, OH 45402
937.222.1203

***U.S. Trustee***
**Asst US Trustee (Day)**
Office of the US Trustee
170 North High Street
Suite 200
Columbus, OH 43215-2417
614-469-7411

| Filing Date | # | Docket Text |
|---|---|---|
| 02/29/2008 | 1 | Chapter 7 Voluntary Petition Fee Amount $299 Filed by Matthew Phillip Ridenour Certification Regarding Payment Advices Due: 4/14/2008. (Rieser, John) (Entered: 02/29/2008) |
| 02/29/2008 | 2 | Statement of Social Security Number-Form 21 Filed by Debtor Matthew Phillip Ridenour. (Rieser, John) (Entered: 02/29/2008) |
| 02/29/2008 | 3 | Statement 1015-2 with No Previous Filing(s) Filed by Debtor Matthew Phillip Ridenour. (Rieser, John) (Entered: 02/29/2008) |

| 02/29/2008 | 4 | Statement of Intent Filed by Debtor Matthew Phillip Ridenour. (Rieser, John) (Entered: 02/29/2008) |
|---|---|---|
| 02/29/2008 | 5 | Verification of Creditor Matrix Filed by Debtor Matthew Phillip Ridenour. (Rieser, John) (Entered: 02/29/2008) |
| 02/29/2008 | | Receipt of Voluntary Petition (Chapter 7)(3:08-bk-30914) [misc,volp7] ( 299.00) Filing Fee. Receipt Number 9603169,amount$ 299.00. (U.S. Treasury) (Entered: 02/29/2008) |
| 02/29/2008 | | Auto Assignment of Judge and Trustee with Meeting of Creditors to Be Noticed for 04/24/2008 at 03:00 PM at Suite 309. Objections for Discharge Due by 06/23/2008. (Rieser, John) (Entered: 02/29/2008) |
| 02/29/2008 | 6 | Exhibit *to Schedule B* Filed by Debtor Matthew Phillip Ridenour. (Rieser, John) (Entered: 02/29/2008) |
| 02/29/2008 | 7 | Certificate of Credit Counseling as to Debtor with Credit Counseling Briefing Completed PRIOR to the Filing of the Petition Filed by Debtor Matthew Phillip Ridenour. (Rieser, John) (Entered: 02/29/2008) |
| 03/03/2008 | 8 | Notice to Individual Consumer Debtor (3mn, ) (Entered: 03/03/2008) |
| 03/03/2008 | 9 | Meeting of Creditors (3mn, ) (Entered: 03/03/2008) |
| 03/05/2008 | 10 | BNC Certificate of Mailing (RE: related documents(s)8 Notice to Debtor) Service Date 03/05/2008. (Admin.) (Entered: 03/06/2008) |
| 03/05/2008 | 11 | BNC Certificate of Mailing (RE: related documents(s)9 Meeting of Creditors) Service Date 03/05/2008. (Admin.) (Entered: 03/06/2008) |
| 03/17/2008 | 12 | Notice of Appearance and Request for Notice by Ronald S Pretekin Filed by Creditor Victory Records, Inc.. (Pretekin, Ronald) (Entered: 03/17/2008) |
| 03/28/2008 | 13 | Notice of Deficiency Regarding Certification of Payment Advices (3mn, ) (Entered: 03/28/2008) |
| 03/30/2008 | 14 | BNC Certificate of Mailing (RE: related documents(s)13 Notice of Deficiency Re: Payment Advices) Service Date 03/30/2008. (Admin.) (Entered: 03/31/2008) |
| 04/06/2008 | 15 | Request for Notice filed by Creditor Recovery Management Systems Corporation (^Singh, Ramesh) (Entered: 04/06/2008) |
| 04/08/2008 | 16 | Certification by Attorney for Debtor Regarding 342(b) Notice Filed by Debtor Matthew Phillip Ridenour. (Rieser, John) (Entered: 04/08/2008) |
| 04/08/2008 | 17 | Certification Regarding Submission of Payment Advices to the Trustee Filed by Debtor Matthew Phillip Ridenour RE: related document(s)1 ). (Rieser, John) |

| | | (Entered: 04/08/2008) |
|---|---|---|
| 04/08/2008 | 18 | Certificate of Service of Tax Information Filed by Debtor Matthew Phillip Ridenour. (Rieser, John) (Entered: 04/08/2008) |
| 04/21/2008 | 19 | Motion to Extend/Shorten Time *to Assume or Reject Executory Contracts and/or Leases, Pending Determination if Certain Contracts are Subject to Assumption and Assignment, and to Excuse Post-Petition Performance Until Determination and Election by the Trustee is Made, and Notice of Opportunity for Hearing* Filed by Trustee Thomas R Noland (Noland, Thomas) (Entered: 04/21/2008) |
| 04/25/2008 | 20 | Financial Management Course Certificate of Debtor Filed by Debtor Matthew Phillip Ridenour. (Rieser, John) (Entered: 04/25/2008) |
| 04/25/2008 | 21 | Order Authorizing Extension of Time to Assume or Reject Executory Contracts/Leases and Excusing Post-Petition Performamce by the Estate or Trustee Pending Determination of Certain Contracts or Lease are Subject to Assumption and Opportunity for Further Hearing on this Order (Related Doc # 19) (3mn, ) (Entered: 04/28/2008) |
| 04/28/2008 | | Continuance of Meeting of Creditors on 4/25/2008 at 10:00 AM at Suite 309 (Noland, Thomas) (Entered: 04/28/2008) |
| 04/28/2008 | | Chapter 7 Meeting of Creditors Held (Noland, Thomas) (Entered: 04/28/2008) |
| 04/29/2008 | 22 | Objection to Debtor's Claim of Exemptions Filed by Trustee Thomas R Noland. (Noland, Thomas) (Entered: 04/29/2008) |
| 04/30/2008 | 23 | BNC Certificate of Mailing - PDF Document (RE: related documents(s)21 Order on Motion to Extend/Shorten Time, ) Service Date 04/30/2008. (Admin.) (Entered: 05/01/2008) |

**PACER Service Center**

**Transaction Receipt**

05/01/2008 11:01:03

| PACER Login: | ████ | Client Code: | |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 3:08-bk-30914 Fil or Ent: filed From: 2/29/2008 To: 5/1/2008 Doc From: 0 Doc To: 99999999 Term: included Format: HTML |
| Billable Pages: | 2 | Cost: | 0.16 |

B1 (Official Form 1)(1/08)

| United States Bankruptcy Court<br>Southern District of Ohio | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Ridenour, Matthew Phillip** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**DBA Hawthorne Heights; FDBA A Day In The Life; AKA Matt Ridenour** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-3899** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>**2908 Roanoke Ave**<br>**Dayton, OH**                          ZIP Code **45419** | Street Address of Joint Debtor (No. and Street, City, and State):                          ZIP Code |
| County of Residence or of the Principal Place of Business:<br>**Montgomery** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):                          ZIP Code | Mailing Address of Joint Debtor (if different from street address):                          ZIP Code |

Location of Principal Assets of Business Debtor
(if different from street address above):

**Type of Debtor**
(Form of Organization)
(Check one box)

■ Individual (includes Joint Debtors)
*See Exhibit D on page 2 of this form.*
☐ Corporation (includes LLC and LLP)
☐ Partnership
☐ Other (If debtor is not one of the above entities, check this box and state type of entity.)

**Nature of Business**
(Check one box)
☐ Health Care Business
☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
☐ Railroad
☐ Stockbroker
☐ Commodity Broker
☐ Clearing Bank
■ Other

**Tax-Exempt Entity**
(Check box, if applicable)
☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)
■ Chapter 7
☐ Chapter 9
☐ Chapter 11
☐ Chapter 12
☐ Chapter 13
☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box)
☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
■ Debts are primarily business debts.

**Filing Fee** (Check one box)
■ Full Filing Fee attached
☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).
Check if:
☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.
Check all applicable boxes:
☐ A plan is being filed with this petition.
☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**
☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |

Estimated Assets

| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

B1 (Official Form 1)(1/08)                                                                                     **Page 2**

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Ridenour, Matthew Phillip** |
|---|---|

### All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet)

| Location<br>Where Filed:   **- None -** | Case Number: | Date Filed: |
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor:<br>**- None -** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A**<br><br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).<br><br>X_____<br>  Signature of Attorney for Debtor(s)          (Date) |
|---|---|

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box)

■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1)(1/08)                                                                                          **Page 3**

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Ridenour, Matthew Phillip** |

**Signatures**

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Matthew Phillip Ridenour**
Signature of Debtor  **Matthew Phillip Ridenour**

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

**February 29, 2008**
Date

### Signature of Attorney*

X **/s/ John Paul Rieser**
Signature of Attorney for Debtor(s)

**John Paul Rieser 0017850**
Printed Name of Attorney for Debtor(s)

**Rieser & Associates LLC**
Firm Name

**7925 Graceland Street**
**Dayton, OH 45459**
Address

Email: **attyecfdesk@rieserlaw.com**
**937-224-4128  Fax: 937-224-3090**
Telephone Number

**February 29, 2008**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*