UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
VICTORY RECORDS, INC., et al.,

                          Plaintiffs,                        08 Civ. 314 (PKC)

       -against-                                  MEMORANDUM
                                                  AND ORDER
VIRGIN RECORDS AMERICA, INC.,

                          Defendant.
-----------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        Plaintiffs Victory Records, Inc. and Another Victory, Inc., both Illinois corporations, have filed suit against Virgin Records America, Inc., a "division" of EMI Music North America ("EMI-Virgin")   Victory Records, Inc. had previously filed suit against EMI-Virgin in the United States District Court for the District of Illinois, alleging that the recording artists performing as Hawthorne Heights had signed an agreement with Victory and that EMI-Virgin had tortiously interfered with that agreement.  <u>Victory Records. Inc. v. Virgin Records America, Inc.</u>, 06 Civ. 5985 (Nov. 2, 2006). Also individual members of Hawthorne Heights had filed suit against Victory and Victory had counterclaimed against them in the Northern District of Illinois.  <u>Bucciarelli-Tieger v. Victory Records, Inc.</u>, 06 Civ. 4258 (Aug. 7, 2006).

        Victory has decided to open the war on another front and filed this instant suit in this Court against EMI-Virgin alleging tortuous interference with Victory's contract with Hawthorne Heights and tortious interference with business relations. EMI-Virgin moves to transfer the action to the Northern District of Illinois for the convenience of the parties and the witnesses and in the interest of justice. 28 U.S.C. § 1404(a). The motion is granted.

- 2 -

I.

A court may transfer an action to any other district where the case might have been brought if the transfer serves "the convenience of parties and witnesses, [and is] in the interest of justice." 28 U.S.C. § 1404(a).  See Van Dusen v. Barrack, 376 U.S. 612, 616 (1964). "The threshold question in deciding transfer of venue . . . is whether the action could have been brought in the transferee forum." Gould Paper Corp. v. Gomez, 2008 WL 113900*2 (S.D.N.Y. Jan 11, 2008) (quoting Millennium, L.P. v. Hyland Software, Inc., 03 Civ. 3900(DC), 2003 WL 22928644, at *2 (S.D.N.Y. Dec. 10, 2003)). Generally, the plaintiff's choice of forum ought not be disturbed except if, on balance, the factors clearly favor transfer.  The traditional factors include "(1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the location of relevant documents and relative ease of access to sources of proof; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the forum's familiarity with the governing law; (7) the relative financial means of the parties; (8) the weight afforded plaintiff's choice of forum; and (9) trial efficiency and the interests of justice generally." See Gould Paper Corp. v. Gomez, 2008 WL 113900*2 (citing Anadigics, Inc. v. Raytheon Co., 903 F.Supp. 615, 617 (S.D.N.Y.1995).  It is the movant's burden to make a "clear and convincing" showing that transfer under Section 1404(a) is proper. Millenium L.P. v. Dakota Imaging, Inc., No. 03 Civ. 1838(RWS), 2003 WL 22940488, at *6 (S.D.N.Y. Dec. 15, 2003) (citation omitted).

II.

This diversity action could have been brought in the transferee district. Personal jurisdiction over the defendant in that district is not disputed

I conclude that the movant, EMI-Virgin, has met its burden of showing by clear and convincing evidence that the factors favor transfer.

True, the action in the Northern District has now been dismissed but the dismissal occurred only after judicial decisions that the agreement between Victory and the Hawthorne Heights artists was non-exclusive. Bucciarelli-Tieger v. Victory Records, Inc., 06 Civ. 4258 (Memorandum and Order of March 1, 2007). Subsequently, Judge Moran, to whom the case was assigned, entered a preliminary injunction against Victory interfering with the rights of members of Hawthorne Heights to record new material. Id. (Memorandum and Order of May 17, 2007). The action between Hawthorne Heights and Victory had been active and on-going as recently as April 22, 2008, although there is some indication that it has settled or may soon settle.

Here, the plaintiffs are Illinois corporations with their principal places of business in the Northern District of Illinois. The plaintiffs and defendant are corporations who appear able to fund the litigation in either forum. There are witnesses in New York and some of the relevant conduct occurred here but actions, statements, admissions and rulings in the Northern District actions are also likely to be central to this action. Four of the surviving members of Hawthorne Heights are residents of Ohio who have shown a willingness to litigate their claims in the nearby Northern District of Illinois. One is reported to be a New York resident.

The interests of justice strongly weigh in favor of the transfer because of the prior litigation in the Northern District of Illinois in which important substantially related issues were decided. Plaintiff Virgin Records, Inc. has demonstrated a past willingness to

litigate these or substantially related claims in its home forum, where it (and its co-plaintiff) are incorporated and have their principal place of business.

Taking account of the totality of circumstances and affording due deference to the forum selection of plaintiffs, I conclude that defendant has met its burden of demonstrating by clear and convincing evidence that the balance of the factors tips decidedly in favor of transfer to the Northern District of Illinois. The motion is granted and the Clerk is directed to transfer the action to the United States District Court for the Northern District of Illinois (Eastern Division).

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
July 2, 2008